[Civ. No. 13165.   Second Dist., Div. One.   May 28, 1942.]

A. CAMINETTI, JR., as Insurance Commissioner, etc., Respondent, v. STATE MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Sherman & Sherman, Robert W. Kenny, Morris E. Cohn and W. B. Thomas for Appellant.

Earl Warren, Attorney General, and John L. Nourse, Deputy Attorney General, for Respondent.

DRAPEAU, J. pro tem.—Counsel for the insurance company in the cases of *A. Caminetti, Jr., Insurance Commissioner of the State of California* v. *State Mutual Life Insurance Company,* Civil No. 13165, *ante,* p. 321 [126 P. (2d) 165], and *A. Caminetti, Jr., Insurance Commissioner of the State of California* v. *National Guaranty Life Company,* Civil No. 13166, *post,* p. 835 [126 P. (2d) 170], petitioned the superior court for an allowance of attorneys' fees to be paid out of the assets of the insurance company in each case. The legal services involved preparing and presenting to the superior court the case for the company as against the Insurance Commissioner. The court made its order denying the petition, from which this appeal has been taken.

The rule to be here applied is to be found in the case of *Anderson* v. *Great Republic L. Ins. Co.,* 41 Cal. App. (2d) 181 [106 P. (2d) 75], at page 191 as follows: "It is a general rule that where an application has been made for the appointment of a receiver for a corporation, attorneys' fees and expenses in resisting such application, if made in good faith and upon reasonable grounds, may become a valid claim against the receiver. Whether such attorneys' fees and expenses are to be allowed rests in the sound discretion of the court, in view of all the facts and circumstances, (Note, 89 A. L. R. 1531). If allowed, the question as to the amount thereof is likewise addressed to the sound discretion of the court. The claim of the officers of a corporation or of attorneys employed by them to be paid out of the funds in the hands of the receiver is not an absolute right, but it is

entirely in the discretion of the court administering the fund to determine, first, the good faith and justification for such application, and second, if warranted, the amount to be allowed."

In view of the facts detailed in our opinion affirming the decision of the lower court in Civil No. 13165 and Civil No. 13166, there was no abuse of discretion on the part of the trial court in denying counsel fees.

The order denying the petition for allowance of attorneys' fees is affirmed.

York, P. J., and Doran, J., concurred.